Smith, J.
On the 17th day of June, 1852, Miller, being the owner of a tract of land in Clinton county, executed and delivered to the Cincinnati, Wilmington & Zanesville Railroad Company an agreement, signed and sealed by him, but not acknowledged, by which, in consideration of one dollar paid him, he granted and released to said company the right to enter on his lands and select a strip thereof not exceeding one hundred feet in width, and hold and use the same for the purposes of a railroad so long as might be necessary, and also granted other privileges to said company. And by said writing he required said company to construct certain crossings and cattle-guards, and to pay him $450 in the stock of said company; and he further stipulated as follows: “ I also agree to build and sustain all fences on each side of said roadway, and to pay all taxes on said land, during the occupancy by said company of the same.”
The railroad company thereupon took possession of said strip of ground, built and constructed its railroad thereon, and used the same for several' years. It also built the crossings and cattle-guards stipulated for, and paid to Miller the $450 in stock. Afterwards it mortgaged its road, rights-of-way, etc., as fully as it could do, and this mortgage was thereafter foreclosed, and the property so mortgaged sold at judicial sale to the Cincinnati & Muskingum Valley Railway Co., which after some years, leased the same for 99 years to the defendant, which term has not yet expired, and which last named company has for many years back used and occupied *70 the same as a railroad. And the said Cincinnati, Wilming. ton & Zanesville Railroad Company has long since ceased to exist as a corporation.
Miller owned the land until March 27, 1865, when he conveyed all his interest therein to Bosworth, the plaintiff. At the time of the contract of Miller with the railroad company, there was no fence standing along the line of the right-of-way, and none was ever erected by him or anyone else while he was the owner of the land. Bosworth had no actual notice of the contract of Miller with the company, the only notice he had being the occupation of the right-of-way by the railroad companies.
There being no fence on either side of the right-of-way, on the 1st day of September, 1882, Bosworth, the owner of the land, duly notified the defendant company to erect fences as required by sections 3324 and 3325, revised statutes, which the company failed to do. The plaintiff then proceeded to build such fences, and duly presented to its agent, as required by section 3325, revised statutes, an itemized account of the expenses thereof, and the company having for more than thirty days neglected to pay the same, this suit was prosecuted to recover the amount.
Held: 1. That the covenant of Miller with the Cincinnati, Wilmington & Zanesville Railroad Company, to build and sustain fences along the right-of-way granted, was a personal one; that the fences which he agreed to erect and sustain, not being then in esse, and there being nothing in the agreement which purported to make it binding on the heirs or assigns of Miller, the grantor, his covenant did not run with the land, and even if it is now binding on Miller himself, it is not upon Bosworth, his grantee. Spencer’s Case — Smith’s Leading Cases — 90.
2. That the contract of Miller operated ,to give to the Cincinnati, Wilmington & Zanesville Railroad Company, and to its assignee, a right to the ground so appropriated for railroad purposes, so long as the same should be necessary for such purpose; and that this right did not cease when the Cincinnati, Wilmington & Zanesville Railroad Company ceased to use it, but passed by the mortgage and *71 sale thereunder to the Cincinnati & Muskingum Valley Railway Company, and by the lease from the latter to the defendant company, said right-of-way having been used ever since said contract by said companies, and being necessary therefor.
3. That under the agreement of Miller with the railroad company, that he would build and sustain all fences on each side of said roadway, and pay all taxes on said land during the occupancy of the same by said company, he was not bound to build or maintain the same, after the said Cincinnati, Wilmington & Zanesville Railroad Company ceased to occupy the premises.
4. The provisions of section 3329, revised statutes, do not operate to prevent a recovery by the plaintiff in this case. No compensation for the building of the fences in question was taken into consideration, and estimated as a part of the consideration paid for the right-of-way. Nor was there any agreement between the railroad company and Miller for the construction of these fences. The only agreement between him and the company was for the building and maintenance of fences, so long as the right-of-way granted by him was occupied by that company; and the fences for which the plaintiff claims to recover the costs, were built by him after that occupation Ceased, and -when the defendant company was bound by law to build them. The case of Warner v. B. & O. Railroad Company, 31 O. S., 265, was one, where the owner of land released to a railroad company a right-of-way over his lands, without any limitation as to time, and therefore so long as it might be used for that purpose ; and stipulated and agreed to build and sustain all fences on both sides of said roadway, the effect of whicfy was to oblige him to do so during the continuance of the grant. And the fence, for the building of which the plaintiff in that case sought to recover, was one which had been paid for by the railroad company when it acquired the right-of-way, and was thus brought directly within the provisions of section 3329, R. S., and the plaintiff could not recover therefor. Such is not the case here, and the plaintiff is entitled to recover.
W. B. Telfair, M. Hayes and Judge J. B. Foraher, for plaintiff.
J. S. Brasee, and West & Clevenger, for defendant.
Judgment for the plaintiff on the agreed statement of facts for the amount claimed in his petition.
Cox and Swing, JJ., concurred.